IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: | MDL Docket No 06-1791 VRW |
| NATIONAL SECURITY AGENCY TELECOMMUNICATIONS RECORDS LITIGATION | ORDER |
| This order pertains to: Al-Haramain Islamic Foundation et al v Bush et al (C-07-0109 VRW), / | |

     The United States has sought to appeal as of right, pursuant to 29 USC § 1291 and also seeks an order certifying the court's January 5, 2009 order for an interlocutory appeal pursuant to 28 USC § 1292(b) and staying proceedings in this court pending the outcome of such an appeal. Doc # 545/60. The stated purpose of such a stay is "to ensure that no disclosures [of classified material] occur in the meantime." Doc #560/70 at 6.

     The United States noticed these motions for April 9, 2009, but at a January 23, 2009 case management conference herein, the court established a shortened briefing schedule and vacated the April 9 hearing date pending further orders of the court. Under the schedule established by the court, the United States' reply brief was due on February 13. Instead, the United States filed its

reply brief on February 11 and included therein the following:

> The Government respectfully requests that the Court indicate how it will proceed by 3 pm on February 13, 2009. In order to protect its interests, the Government plans to seek relief from the Ninth Circuit before the close of business that day in the absence of relief from this Court.

Doc #560/70 at 6-7.

First, the January 5 order is not a "final decision" and, therefore, not appealable pursuant to 28 USC § 1291. Second, the court is fully aware of its obligations with regard to classified information. The court's January 5 order stated that it would prioritize two interests: "protecting classified evidence from disclosure and enabling plaintiffs to prosecute their action." Doc #537/57 at 23. The court then entered orders designed to make it possible for the court to determine whether plaintiffs had been subject to unlawful electronic surveillance and, crucially, to enter an order under seal regarding the outcome of that determination. To that end, the January 5 order provided for plaintiffs' counsel to obtain top secret/sensitive compartmented information security clearances.

The court understands that the background investigation of two of plaintiffs' counsel have been completed and "favorably adjudicated" although clearances for these individuals have not been issued. At the January 23 hearing herein, the court stated:

> I have no intention of reviewing the sealed document [containing classified information] until we get all of these pieces in place so that we can proceed in a judicial fashion; and by that I mean a fashion in which both parties have access to the material upon which the court makes a decision.

RT (Doc #532) at 34.

2

        The court seeks from the government implementation of the steps necessary to afford that "both parties have access to the material upon which the court makes a decision." That is the procedure the January 5 order seeks to put in place. That order is, therefore, entirely interlocutory and an "immediate appeal will not materially advance ultimate termination of the litigation." An appeal under 28 USC § 1292(b) and stay are not appropriate and are, therefore, DENIED.

        The government is DIRECTED not later than February 27, 2009 to inform the court how it intends to comply with the January 5 order.

        IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge