IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: | MDL Docket No 06-1791 VRW |
| NATIONAL SECURITY AGENCY TELECOMMUNICATIONS RECORDS LITIGATION | ORDER |
| ──────────────────────────── | |
| This order pertains to: Al-Haramain Islamic Foundation et al v Bush et al (C-07-0109 VRW), ────────────────────────────/ | |

       The court has, in keeping with its orders dated January 5 (Doc #537/57), February 13 (Doc #562/71) and February 19 (Doc #566/75), reviewed the Sealed Document and the parties' various submissions on the subject of appropriate measures to prevent disclosure of classified information while allowing "both parties [] access to the material upon which the court makes a decision." RT, Hearing held January 23, 2009 (Doc #532/67) at 34 and Doc #562/71 at 2,3.

       The United States, in response to the court's directive to "inform the court how it intends to comply with the January 5 order" (Doc #562/71 at 3) has offered up three similar-sounding

alternatives all of which appear geared toward obtaining a stay of this court's proceedings and review by the court of appeals, even though its simultaneous attempts to obtain review as of right and by means of an interlocutory appeal of the January 5 order failed in February (Doc #562/71 and <u>Al-Haramain Islamic Foundation, Inc v Obama</u>, No 09-15266 (9th Cir February 27, 2009)).  As both this court and the court of appeals have determined that this matter is properly before the court, the United States should now comply with the court's orders.

Accordingly, the parties are hereby ordered to meet and confer regarding the entry of an appropriate protective order which shall be entered herein before the court rules on the merits.  The United States District Court for the District of Columbia has successfully employed protective orders in the <u>In Re Guantánamo Bay Detainee Litigation</u>, D DC No Misc 08-0442 TFH, even providing for the use of top secret/sensitive compartmented information (TS/SCI). See, for example, the documents at docket numbers 409 and 1481 in that matter.  The United States has advanced no argument that would suggest a reason why the court's use of a protective order in instant matter modeled on those in use in the <u>Guantánamo Bay</u> would not adequately protect the classified information at issue here.

The parties shall submit to the court a stipulated protective order on or before May 8, 2009.  If the parties are unable to agree on all terms, they shall jointly submit a document containing all agreed terms together with a document setting forth the terms about which they are unable to reach agreement and the respective positions of the parties with regard to each such term. \\

**2**

The court will then consider the submissions and enter a protective order under which this case may resume forward progress.

IT IS SO ORDERED.

_____
**VAUGHN R WALKER**
**United States District Chief Judge**